## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD WALLS,** *et al.*, | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-5739** |
| | : | |
| **COMMONWEALTH OF PA –** | : | |
| **JUDICIAL SYSTEM,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**Padova, J.**                                                    **January 14, 2025**

Plaintiffs Edward and Tonya Chavis-Walls, husband and wife, initiated this civil action by filing a *pro se* Complaint alleging that their civil rights were violated when they were denied legal representation in connection with a medical malpractice case. Plaintiffs seek leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will grant the application for leave to proceed *in forma pauperis*, dismiss the Complaint in its entirety, and deny two subsequently-filed motions for leave to amend.

## I.    FACTUAL ALLEGATIONS

Plaintiffs name the following Defendants: (1) the Commonwealth of Pennsylvania – Judicial System; (2) Attorney Richard Heleniak; (3) Mecca and Associates; (4) Attorney Julianna

---

[1] In a prior Order entered on November 6, 2024, Plaintiff Tonya Chavis-Walls was directed to sign the Complaint and Motion to Proceed *In Forma Pauperis*. (*See* ECF No. 5 ¶¶ 1-2.) On November 12, 2024, Chavis-Walls returned her signed Declaration as proof that she read the Complaint and sought to proceed as a Plaintiff in this action. (*See* ECF No. 6). Although Chavis-Walls did not return a signed Affidavit with respect to the Motion to Proceed *In Forma Pauperis* as the Court's Order directed, she did submit her signed Declaration together with both a signed copy of the Complaint and a copy of the Motion to Proceed *In Forma Pauperis*. (*Id.*) The Court therefore deems her submission to be in substantial compliance with the November 6, 2024 Order.

Burdo; (5) "HGSK Law Firm"; (6) Attorney Christopher Bradley, and (7) Attorney Andrew Swain. (*See* ECF No. 2 ("Compl.") at 2-3, 7.)[2]  They invoke the Court's federal question jurisdiction, asserting that their due process rights have been violated. (*Id.* at 3.)

Plaintiffs aver that Edward Walls has suffered from an unknown medical condition for more than fifteen years and became a "victim of medical malpractice" in connection with a surgery in November of 2011, which left him with Rubral tremors, and a subsequent surgery in March of 2013, in which he had a deep brain stimulator implanted.[3] (*Id.* at 4, 10.)  Sometime in 2013, Walls met with Attorney Richard Heleniak of Mecca and Associates and explained what happened to him. (*Id.* at 10.)  Walls allegedly "signed documents," and Heleniak told Walls that he would obtain medical records. (*Id.*)  Walls did not hear back from Heleniak, and in 2014, Walls sent a letter to Heleniak telling him that he was ending their agreement. (*Id.*)  Heleniak responded, telling Walls that because Walls had experienced tremors prior to his surgery, Heleniak would not pursue a case on his behalf. (*Id.*)  Walls was upset and hurt that Heleniak "tried to discourage [him] from pursuing justice." (*Id.*)

Walls then spoke to more than thirty-three attorneys until he "found Haggerty Goldberg Schleifer Kuppersmith PC" ("HGSK"). (*Id.* at 11.)  He also called Mecca and Associates, and although they told him that they would help, Walls never heard back from them. (*Id.*)  Sometime in 2013, Walls spoke to Attorney Julianna Burdo who requested that he send his medical records to her. (*Id.*)  Walls allegedly set up three appointments to meet with Burdo, but Burdo cancelled all of the appointments. (*Id.*)  Burdo eventually told Walls that she had two medical experts

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[3] Much of the Complaint details Walls's medical history, going back as far as 2008. (Compl. at 4-5, 7- 15; ECF No. 2-1 at 3-73 (medical records).)  The Court has considered these factual allegations but will not reiterate them here as Walls's medical history and records are not particularly relevant to the claims Plaintiffs seek to assert against the Defendants in this case.

review his records, but "they found nothing," and she was "drop[ping] his case." (*Id.*) Walls never gave Burdo permission to close his case. (*Id.* at 12.) On February 11, 2016, Walls filed a *pro se* legal malpractice case against HGSK and Bardo. (*Id.* at 16.)

That same month, Walls contacted Attorney Andrew Swain for assistance with his *pro se* legal malpractice case. (*Id.* at 13.) Swain allegedly assisted by "telling [Walls] how to file and what was needed," but Walls "ended up having to drop the suit." (*Id.*) Walls then "hired attorney Christopher Bradley from the Swain law firm" and met with Bradley in June 2018. (*Id.* at 13-14.) Walls told Bradley that there was a recall from February 2013 on a brain stimulator that had been implanted in Walls on March 19, 2013. (*Id.* at 14.) Bradley attempted to assist Walls, telling Walls in May 2019 that he had identified fourteen possible defendants, including Medtronic, the alleged manufacturer of the brain stimulator. (*Id.*) Bradley called Walls a week later and said that if Walls was willing to drop Temple Hospital, he could "get more from Medtronic." (*Id.*) Walls initially agreed, but when he called Bradley back to tell him that he had changed his mind, Bradley told Walls that "it was too late and the statute of limitation had passed." (*Id.* at 14, 74-76.) Bradley then attempted to settle for $10,000, but Walls refused that amount because his injuries were "catastrophic." (*Id.* at 14.) Walls avers that Bradley "never fought or did any kind of due process" for him and failed to get him "justice." (*Id.* at 14-15.) Walls feels betrayed by Bradley, contending that Bradley caused him to lose out on two lawsuits. (*Id.* at 16.)

Walls alleges that he has "spoken with over 250 attorneys trying to get justice for [him]self" and "wonder[s] why so many law firms have turned [him] down." (*Id.* at 15-16.) He asserts that he is not a "vexatious litigant" and contends that his Fifth and Fourteenth Amendment rights to due process have been violated. (*Id.*) Plaintiffs seek millions of dollars in compensatory and punitive damages for "pain and suffering with intentional infliction of

3

emotional distress . . . for 12 years of abuse . . . by the Judicial system from the medical board, disciplinary board and attorneys." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Plaintiffs leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court] accept[s] the facts alleged in [the *pro se*] complaint as true, draw[s] all reasonable inferences in [the plaintiff's] favor, and ask[s] only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (seventh and eighth, and ninth alterations in original) (quotations omitted), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Plaintiffs are proceeding *pro se*, the Court construes their allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, unrepresented parties "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810

F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may

be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

III.    DISCUSSION

A. **Federal Claims**

Section 1983, the vehicle by which federal constitutional claims may be brought in

federal court, "is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94

(1989) (quotations omitted). To the extent Plaintiffs assert claims pursuant to § 1983, they "must

allege the violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The color of state law element is a

threshold issue; there is no liability under § 1983 for those not acting under color of law."

*Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citation omitted).

1. **Claims Against the Commonwealth of PA – Judicial System**

Plaintiffs' claims against the "Commonwealth of PA – Judicial System" are barred by

Eleventh Amendment immunity. Specifically, their claims fail because state courts are entitled

to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of

§ 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to

Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for

purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d

Cir. 2005) (state courts in Pennsylvania, including the Philadelphia Court of Common Pleas

"family court division," share in the Commonwealth's Eleventh Amendment immunity); *see also*

42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive

the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh

Amendment to the Constitution of the United States."). Accordingly, there is no legal merit to these claims.

### 2. Claims Against the Remaining Defendants

Plaintiffs seek to present constitutional claims against various private attorneys and their law firms for their actions and/or inactions while Plaintiffs attempted to pursue a medical malpractice case on behalf of Plaintiff Edward Walls. Plaintiffs' constitutional claims fail, however, because none of the Defendants are alleged to be state actors. Specifically, private attorneys and law firms are not state actors. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." (citations omitted)); *Coulter v. Allegheny Cnty. Bar Ass'n*, 496 F. App'x 167, 168-69 (3d Cir. 2012) (*per curiam*) (concluding that none of the defendants named, including an attorney, his law firm, the Pennsylvania Bar Association, the Allegheny County Bar Association or its three individual members, were state actors for purposes of § 1983); *Singh v. Freehold Police Dep't*, Civ. A. No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."); *Williams v. Raynor, Rensch & Pfeiffer*, Civ. A. No. 11-446, 2015 WL 2127095, at *9 (D. Neb. May 6, 2025) ("[P]rivate counsel are not state actors (and as such, neither is their firm" (citations omitted)), *aff'd*, 669 F. App'x 340 (8th Cir. 2016) (per curiam) (stating that "extended discussion would add nothing to the well-reasoned district court determinations"); *Manko v. Steinhardt*, Civ. A. No. 11-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) ("[P]rivate attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law."). Accordingly, Plaintiffs' constitutional claims against Defendants will be dismissed.

6

**B.    State Law Claims**

To the extent Plaintiffs seek to assert any state law claims, they have not pled an independent basis for the Court's jurisdiction over those claims.[4]  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (alteration in original) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state in which he is domiciled, i.e., the state in which he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, Civ A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Here, Plaintiffs do not allege the citizenship of the parties.  Rather, they provide only Pennsylvania addresses for themselves and the Defendants, which suggests that Plaintiffs and

---

[4] Because the Court has dismissed Plaintiffs' federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

some, if not all, of the Defendants may be Pennsylvania citizens.[5]  (Compl. at 3.)  Plaintiffs have therefore failed to meet their burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims they may be raising.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . .  [N]o single plaintiff may be a citizen of the same state as any single defendant." (citations omitted)).  Accordingly, any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.[6]

## IV.    OUTSTANDING MOTIONS

While the Court was screening the initial Complaint in this matter, Plaintiffs filed two motions seeking leave to amend their Complaint to add two additional defendants and additional state law claims.  (*See* ECF Nos. 7-8.)[7]  Specifically, Plaintiffs seek to add a medical malpractice claim against "Family Dermatology" for misdiagnosis as well as a product liability claim against "Medtronic Corporation" for its failure to notify Plaintiff Walls that a deep brain stimulator that was implanted in him in 2013 was subject to recall.  (*Id.*)  The Court will deny these motions because the claims Plaintiffs seek to add fail for the same reasons as the claims in the initial Complaint.  To the extent Plaintiffs seek to assert constitutional claims against Family Dermatology and Medtronic Corporation, neither of these entities are alleged to be state actors.

---

[5] Plaintiffs do not provide any address for Attorney Christopher Bradley, alleging that it is "unknown."  (Compl. at 3.)

[6] The Court expresses no opinion as to the merits of such claims.

[7] The Court has reviewed and considered both motions, which are nearly identical and seek the same relief.

Also, as noted above, complete diversity is lacking between the parties such that the Court lacks subject matter jurisdiction over any additional state law claims Plaintiffs seek to assert.

## V.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs leave to proceed *in forma pauperis*, dismiss the Complaint, and deny the motions for leave to amend the Complaint. Because Plaintiffs' allegations do not support any factual basis for a claim under § 1983, their federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Plaintiffs will not be given leave to amend these claims as the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate Order follows.

**BY THE COURT:**

/s/ John R. Padova, J.

**JOHN R. PADOVA, J.**